UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HART,<br>Plaintiff,<br>v.<br>LYNETTE LEWIS, et al.,<br>Defendants. | Case No. 26-cv-04731-RFL<br><br>**ORDER DECLARING EUGENE HART A VEXATIOUS LITIGANT AND IMPOSING PRE-FILING REVIEW REQUIREMENT** |

On July 9, 2026, the Court issued an Order to Show Cause why plaintiff Eugene Hart should not be declared a vexatious litigant. At that time, Hart had filed 50 cases in this District in the preceding six months. He has since filed nine more. He has not, however, responded to the Court's Order to Show Cause. For the reasons that follow, this Order declares Hart a vexatious litigant and imposes a pre-filing review requirement.

## I. BACKGROUND

From January 15 through September 17, 2026, Hart has filed 59 cases in this District. On July 9, 2026, the Court issued an Order to Show Cause why Hart should not be declared a vexatious litigant. (Dkt. No. 9.) As of this Order, Hart has not responded.

In the Order to Show Cause, the Court catalogued all of Hart's filings as of July 2, 2026. (*See* Dkt. No. 9-1.) Since then, Hart has filed nine more cases. All of Hart's complaints, including those previously catalogued, are listed in the attached **Exhibit A**.

In all 59 cases, Hart has moved to proceed *in forma pauperis* or has otherwise failed to pay a filing fee. Some *in forma pauperis* requests have been granted, some have been denied, and some remain pending. None of Hart's complaints have been found to state even a single claim upon which relief may be granted. When the Court issued its Order to Show Cause, over

20% of Hart's cases had already been closed. (Dkt. No. 9 at 2 (all citations to ECF pagination).) Since then, 29 more have been closed. (*See* Ex. A at 26–27.) Many have been dismissed for lack of subject matter jurisdiction, and others have been dismissed for failure to prosecute or failure to state a claim. (*See, e.g.*, *Hart v. Docusign Inc et al*, No. 3:26-cv-05896-JSC (subject matter jurisdiction); *Hart v. Lewis et al*, No. 3:26-cv-09442-JSC (same); *Hart v. California State Bar Association et al*, No. 3:26-cv-05113-VC (failure to prosecute); *Hart v. Medica et al*, No. 3:26-cv-04465-MMC (failure to state a claim).)

## II. LEGAL STANDARD

Federal courts have inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Under 28 U.S.C. § 1651(a), a court may "enjoin[] litigants with abusive and lengthy histories" by entering a pre-filing order restricting what cases vexatious litigants may file. *Id*. at 1147. To be sure, this is an "extreme remedy" and the "use of such measures against a pro se plaintiff should be approached with particular caution." *Id*. (internal quotation marks omitted). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id*. at 1148.

The Ninth Circuit imposes four requirements that must be heeded before entering a pre-filing order against a vexatious litigant: (1) the litigant must be given notice and opportunity to oppose the order before it is entered; (2) the Court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that the individual is a vexatious litigant; (3) the Court must make substantive findings that the litigant's filings are frivolous or harassing; and (4) the pre-filing order must be narrowly tailored and not overly broad. *See id*. at 1147–48.

## III. DISCUSSION

Each of the four requirements is addressed in turn below.

**A. Notice and Opportunity to Be Heard**

Hart has been given fair notice that he may be declared a vexatious litigant and have a pre-filing requirement order entered against him. To satisfy this requirement, a court must notify the litigant that it is considering such an order and provide the litigant an opportunity to oppose. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1063 (9th Cir. 2014); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007). No hearing is required where the litigant has been given an opportunity to file a written brief in opposition. *See Gavin v. City & Cnty. of San Francisco*, No. 15-cv-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016) (collecting cases).

The Court issued an Order to Show Cause in this case on July 9, 2026, and set a response deadline of August 7, 2026. (Dkt. No. 9 at 5.) It has now been over sixty days since the Court issued its Order to Show Cause, and Hart has not responded. In that same time, Hart has filed nine new cases, indicating his access to filings and ability to pursue litigation. (*See* Ex. A.) Sufficient notice has therefore been given.

**B. Adequate Record for Review**

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant was needed." *De Long*, 912 F.2d at 1147. The attached table of cases in Exhibit A shows that Hart's activities have been "numerous or abusive." *Id.*; *see also Molski*, 500 F.3d at 1059 (finding an adequate record for review where the district court outlined and discussed many of the litigant's filings). By providing a table describing the 59 cases Hart has filed in this District, the Court has satisfied the adequate record prong.

**C. Findings of Frivolousness**

The frivolousness factor requires the court to make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148. The Ninth Circuit has identified five factors to be considered in determining whether a party's litigation is frivolous or harassing:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). Under these factors, Hart's conduct in this District meets the legal standard to qualify as both harassing and frivolous.

First, Hart's history in this District strongly favors entry of a prefiling screening requirement. In assess frivolousness, "the district court must 'look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims.'" *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148) (internal quotation marks omitted). The number is extreme—Hart has filed 59 cases in this District. Vexatious litigant orders have been granted on far fewer filings. *See, e.g.*, *Gavin*, 2016 WL 126937, at *3 (involving 10 cases); *Rogers v. Low Income Inv. Fund*, No. C 23-02756 WHA, 2025 WL 754266, at *22 (N.D. Cal. Mar. 10, 2025) (involving over 20 cases). Most of these filings have been dismissed for lack of subject matter jurisdiction, failure to prosecute, or failure to state a claim. (*See* Ex. A.) No court that has analyzed Hart's complaints has found even a single claim to be sufficiently stated. As discussed in the Order to Show Cause, many of the issues Hart has raised lack any legal basis and cannot be remedied through the legal system. (Dkt. No. 9 at 3–4.) For example, Hart has asserted that a requiring a person to use Docusign to electronically sign documents is "making someone give up there [*sic*] legal right to sign his own name, or make decisions for itself." (*Hart v. Docusign Inc.*, No. 26-cv-05896-KAW.) He has also brought claims for violations of "Basic Human Rights" against a family member for "ruin[ing]" his "relationships with women" (*Hart v. Hart*, No. 26-cv-01693-TLT) and for violations of "Security Laws" where the he alleges the defendants did "not properly safeguard[] [his] property or 'personal security'" (*Hart v. U.S. Sec. & Exch. Comm'n*, No. 26-cv-04494-EMC). Both the number and content of Hart's filings show frivolousness and harassing behavior.

Additionally, many of the actions are duplicative in terms of defendants and allegations, further emphasizing the harassing nature of these suits. For example, based on a query of the District's records, Hart has filed at least 22 cases against Robert Lee Hart and 24 cases against Lynette Lewis. These duplicative and meritless lawsuits are harassing and frivolous. Altogether, this first factor counsels strongly in favor of entering a pre-filing screening requirement.

Second, Hart's repeated and duplicative failures to state a claim suggest that Hart is bringing these actions without a good faith expectation of prevailing. Where a litigant "is bringing the same factual case again and again, in spite of repeated dismissals by a court, he is filing not only duplicative lawsuits but also, necessarily, frivolous and harassing ones." *Hambolu v. Fortress Investment Group*, No. 17-cv-01039-EMC, 2017 WL 1833265, at *4 (N.D. Cal. May 8, 2017). Numerous courts have explained subject matter jurisdiction to Hart. (*See, e.g.*, *Hart v. Committee on Information Tech et al*, No. 3:26-cv-03529-RFL.) And yet Hart has continued to file cases with no basis for federal jurisdiction, sometimes admitting so outright in his complaint. (*See Hart v. Google LLC et al*, No. 3:26-cv-10288-LJC, Dkt. No. 1 at 2 (answering "Which federal law or right is involved?" with "No question or No Jurisdiction for case").) This factor thus supports entry of a pre-filing screening requirement.

The third factor weighs in Hart's favor, but not enough to overcome the frivolous and harassing nature of his filings. Hart is not represented by counsel, which "generally cuts against a finding of frivolousness or harassment." *Ramachandran v. City of Los Altos*, No. 23-cv-02928-SVK, 2024 WL 3364020, at *8 (N.D. Cal. July 9, 2024). However, Hart's "pro se filings in this [District] have 'preempted the use of judicial time' by the courts that 'properly could be used to consider the meritorious claims of other litigants.'" *Id.* (quoting *De Long*, 912 F.2d at 1148). The excessive and repetitive filings reflect a "pattern of reacting to one court's rejection of his claims . . . by simply filing a new lawsuit." *Id.* That is not a deficiency that results from Hart's inexperience with the legal field. Though Hart is unrepresented, the duplicative and meritless nature of Hart's repeated filings outweigh any leniency that may be given due to his lack of representation.

Fourth, Hart's repeated filings have "burdened the limited resources of the Court." *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-cv-05142-LHK, 2015 WL 1063070, at *11 (N.D. Cal. Mar. 10, 2015) (internal quotation marks omitted). As Exhibit A shows, numerous judges in this District have had to "process and respond to each of" Hart's 59 complaints, many of which are duplicative. *Id.* Hart's numerous filings enable him "to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski*, 500 F.3d at 1057. The unnecessary burden these meritless and redundant complaints have posed on the District strongly favors issuance of a pre-filing screening requirement.

Fifth and finally, no less restrictive options would be adequate here. "As noted, the repeated dismissal of his lawsuits has not prevented [Hart] from filing new suits." *Lenk v. Monolithic Power Sys., Inc.*, No. 20-CV-08094-BLF, 2024 WL 4529356, at *6 (N.D. Cal. Oct. 18, 2024). Orders to show cause have had no impact, as evidenced by the Court's prior Order to Show Cause in this case. And Hart has proceeded in every case *in forma pauperis* or otherwise without paying a filing fee, making monetary sanctions unlikely to suffice. Considering all five factors, Hart's litigation activities in this District are both frivolous and harassing. Because Hart is an abusive litigant, there is a sufficient basis and need to declare him a vexatious litigant, and the Court shall impose a pre-filing screening order.

**D. Narrowly Tailored Order**

Any prefiling screening order must be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. The Court's Order, which it proposed in its prior Order to Show Cause (Dkt. No. 9 at 5–6), is narrowly tailored to protect against Hart's wrongful conduct. *See Molski*, 500 F.3d at 1061.

First, the order is limited to a period of two years. This period should be sufficient to redirect Hart from burdening the courts with frivolous and harassing filings, while also limiting the impact of the requirement on Hart and ensuring that he still has an opportunity to bring legitimate complaints that he may have. *See generally Aref v. Marder*, 15 F.3d 1082 (9th Cir.

1994). If Hart resumes frivolous or harassing behavior after the two-year period has lapsed, the pre-filing requirement could be reinstated at that time.

Second, while many of Hart's filings are duplicative, their overall scope is broad. He has named over 50 different defendants ranging from family members to celebrities to businesses to governmental agencies. His claimed grievances also vary, involving alleged appropriations of personal information, disputes with family and friends, personal hardships, mistreatment at work, and issues with medical care, among other things. Given the variety and numerosity of Hart's complaints, a prefiling order limited to a specific set of defendants or topics would not suffice. The Court's identified Order "is necessary to curtail the misconduct identified; it is tailored as narrowly as possible while still being effective against [Hart's] shifting, iterative complaints that evade easy categorization." *Rogers*, 2025 WL 754266, at *34.

## IV. ORDER

For the reasons stated above, the Court declares Eugene Hart a vexatious litigant. For a period of two years from the date of this Order, Mr. Hart must obtain leave of court before filing any further suits against any defendants in this District. The Clerk of this Court shall not accept for filing any further complaints by Mr. Hart until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge who will determine whether Mr. Hart has stated a potentially cognizable claim in a short, intelligible, and plain statement. If the judge determines that the complaint is duplicative or frivolous, it will not be filed and will be returned to Mr. Hart. If the complaint is neither duplicative nor frivolous, it will be given to the Clerk with instructions to file it.

**IT IS SO ORDERED.**

Dated: September 18, 2026

RITA F. LIN
United States District Judge